UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN RAMIREZ SALINAS,

Petitioner,

v.

MARTIN RAMIREZ SALINAS, et al.,

Respondents.

No. 1:26-cv-08246-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, DENYING MOTION FOR MISCELLANEOUS RELIEF, AND DENYING MOTION TO DISMISS

(Doc. Nos. 8, 11, 13)

On October 12, 2026, petitioner, proceeding through counsel, filed the operative first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 10.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 11.) On October 13, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 12.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as

/////

well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On October 14, 2026, respondents filed a motion to dismiss the petition. (Doc. No. 13.) Therein, respondents argue that because petitioner failed to seek a custody redetermination hearing, the petition should be dismissed for failure exhaust administrative remedies. (*Id.* at 4.) Respondents alternatively argue that the petition should be dismissed on the merits because petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). (*Id.* at 5.) The parties are amenable to the court ruling directly on the merits of the petition based upon the briefly presently before it, and the court will do so.

Based upon the parties' briefing, the court finds the following facts. Petitioner entered the United States in or about 1993. (Doc. No. 13 at 10.) He has lived in Fresno, California since 2005. (Doc. No. 11-3 at ¶ 9.) Petitioner was previously placed into removal proceedings, which an immigration judge ultimately closed on or about October 6, 2005. (Doc. No. 14-1 at 4.) Petitioner has no criminal history. (Doc. No. 11-3 at ¶ 13.) On or about October 6, 2026, ICE detained petitioner and he has remained in custody since that date. (Doc. No. 13 at 10.) On October 7, 2026, petitioner accepted voluntary departure by signing a Form I-826 "Notice of Rights and Request for Disposition."[1] (Doc. No. 13 at 19.) There is no indication that petitioner has been provided an initial custody determination.

---

[1] The Form I-826 is a document that immigration authorities employ "in the field to document basic information, to notify the [noncitizens] of their administrative rights, and to give the [noncitizens] a chance to request their preferred disposition." *United States v. Morales*, 720 F.3d 1194, 1200 (9th Cir. 2013). Noncitizens presented with this document may choose to proceed with removal proceedings or voluntarily depart from the United States and waive their right to proceed with removal proceedings. (Doc. No. 13 at 19); 8 U.S.C. § 1229c(a)(1) ("The Attorney General may permit [a noncitizen] voluntarily to depart the United States at the [noncitizen's] own expense under this subsection, in lieu of being subject to proceedings under section 1229a of this title or prior to the completion of such proceedings[.]"). Noncitizens who accept voluntary departure pursuant to the Form I-826 may withdraw their decision to voluntarily depart and proceed with removal proceedings in immigration court. (Doc. No. 13 at 19) (petitioner's Form I-826 which states "[i]f you choose to return to your country, you may change your mind and instead request a hearing before a judge in Immigration Court before your departure from the United States."). Thus, a noncitizen's withdrawal of their acceptance of voluntary departure does not result in them becoming subject to an alternate order of removal. Petitioner represents that he has withdrawn his acceptance of voluntary departure. (Doc. Nos. 9 at 2.)

As to respondents' exhaustion argument, petitioner challenges his detention, which was carried out without notice and a pre-deprivation hearing, on due process grounds. (Doc. No. 10 at ¶¶ 37–41.) The court incorporates its prior reasoning as to why exhaustion should not be required with respect to due process challenges to the procedures employed by immigration authorities as was set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) and concludes that exhaustion should be waived here on futility grounds.

As to the merits of petitioner's claim, courts have concluded that individuals who are not in removal proceedings are entitled to the same protections as noncitizens who are in pre-removal order proceedings. *Lima Gamez v. Hernandez*, No. 2:26-cv-01104-BAT, 2026 WL 1382362, at *5 (W.D. Wash. May 18, 2026) ("The Court finds little sense in the proposition that, merely because the government dismissed removal proceedings against Petitioner and released him with no restrictions, he is less entitled to procedural protections than would be a petitioner who remains in active removal proceedings and is subject to conditional release."). Petitioner has remained at liberty for over 20 years without accumulating a criminal history since his removal proceedings were terminated. (Doc. No. 11-3 at ¶¶ 9, 13.) His interest in remaining free from detention is strong, his re-detention without notice and a pre-detention hearing violates due process, and petitioner is entitled to be immediately released from immigration custody. *Yu v. Hernandez*, No. 2:26-cv-01372-DGE, 2026 WL 1560581, at *6–8 (W.D. Wash. May 22, 2026) (reaching the same conclusion for a petitioner who had removal proceedings dismissed, remained at liberty in the United States for over ten years, and was subsequently re-detained without prior notice or a hearing); *cf. Ferrer-Valdez v. Cal. City Immigr. Ctr.*, No. 1:26-cv-06517-DAD-SCR (HC), 2026 WL 2494982, at *1–3 (E.D. Cal. Aug. 25, 2026) (concluding that consideration of the

/////

/////

/////

/////

/////

*Mathews* factors mandated the release of a petitioner who was originally released into the United States pursuant to 8 U.S.C. § 1182(d)(5).[2]

For the reasons explained above,

1. Petitioner's first amended petition for writ of habeas corpus (Doc. No. 10) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner Martin Ramirez Salinas, A-File No. unknown, from respondents' custody;
   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;
   c. Petitioner's request for attorneys' fees is DENIED without prejudice to renewal on a properly noticed and supported motion;
2. Respondents' motions to lift the do not transfer order (Doc. No. 8) and motion to dismiss the petition (Doc. No. 13) are DENIED;
3. Petitioner's motion for temporary restraining order (Doc. No. 11) is DENIED as having been rendered moot by this order granting him habeas relief;

/////

---

[2] Respondent argues that petitioner's acceptance of the Department of Homeland Security's offer of voluntary departure distinguishes this case from the cases cited in the court's order setting a briefing schedule. (Doc. No. 13 at 1.) The court is unpersuaded that petitioner's acceptance of this form of voluntary departure impacts the ultimate conclusion that petitioner's detention is unlawful, particularly in light of the fact that respondents concede that 8 U.S.C. § 1226(a) governs and there is no evidence that petitioner was ever provided an initial custody determination as required by 8 U.S.C. § 1226(a). *See J.T.G. v. Genalo*, No. 26-cv-04521-AT, 2026 WL 1724325, at *4 (S.D.N.Y. June 15, 2026) (finding that procedural due process requires compliance with 8 U.S.C. § 1226(a) when detaining the petitioner under that authority and that detention which was "unlawful from the outset" due to the failure to perform an initial custody determination); *Ovidio D. v. Bondi*, No. 26-cv-01834-KMM-SGE, 2026 WL 1231602, at *2 (D. Minn. Mar. 20, 2026) (ordering the release of a petitioner who previously signed an I-826 voluntary departure form where § 1226(a) governed their detention and the government failed to follow the procedures set forth by that statutory provision).

4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE